**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0080n.06
Filed: November 10, 2004

**No. 03-5646**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| TRAUN BASSETT, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee | ) | **MEMORANDUM OPINION** |

**Before: BATCHELDER and SUHRHEINRICH, Circuit Judges; and McKEAGUE, District Judge.**[*]

**PER CURIAM.** Plaintiff, United States, appeals from the district court's refusal to apply

the cross-reference provision of the United States Sentencing Guidelines (USSG) under § 2K2.1,

where defendant-appellee admitted to possessing a firearm in connection with a drug trafficking

offense. Defendant pled guilty to possession of a firearm with an obliterated serial number. At

sentencing, the government argued that defendant's conviction should be cross-referenced under §

2K2.1. Relying on *United States v. Stubbs*, 279 F.3d 402 (6th Cir. 2002) the district court concluded

that applying the cross-reference would raise a constitutional problem under the Sixth Amendment.

The district court sentenced defendant to 34 months in prison followed by three years of supervised

release.

This Court reviews *de novo* the district court's legal conclusions regarding application of

---

[*] The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

the United States Sentencing Guidelines. *United States v. Newell*, 309 F.3d 396, 400 (6th Cir. 2002).

The district court refused to apply the cross-reference provision of § 2K2.1(c), based on its interpretation of and reliance on this Court's opinion in *Stubbs*. However, it is now clear that *Stubbs* is no longer good law. *See Harris v. United States*, 536 U.S. 545, 558-60 (2002)(holding that the constitutional mandates of *Apprendi*, do not apply to the Guidelines when the defendant's sentence remains below the maximum sentence authorized by the statute); *see also United States v. Helton*, 349 F.3d 295, 300 (6th Cir. 2003)(holding that *Stubbs* and the decisions upon which *Stubbs* relied did not survive *Harris*). Therefore, because the district court erred when it relied on *Stubbs* and refused to apply the cross-reference provision of the Guidelines its judgment must be vacated and the matter remanded for resentencing.

We note that in this appeal defendant-appellee raised a challenge to the constitutionality of his sentence citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), a case decided after the district court judgment was entered. We find no merit to this claim. *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004)(en banc).

## IV. CONCLUSION

The district court erred when it refused to apply the cross-reference provision of § 2K2.1. Accordingly, the judgment of the district court is **VACATED** and this case is **REMANDED** for further proceedings consistent with this opinion.